El Pueblo de Puerto Rico, demandante y apelado, *v.* León Cruz Ríos, acusado y apelante.

Núm. 9489.—*Sometido:* Julio 15, 1942. *Resuelto:* Julio 21, 1942.

*Luis Antonio Rosario,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué sentenciado a cumplir seis meses de cárcel por un delito de acometimiento y agresión con circunstancias agravantes. Las agravantes, según la denuncia, consisten en ser el acusado un varón adulto y la agredida una mujer y en haberse realizado la agresión con intención premeditada y por medios calculados de inferir grave daño corporal. Al terminar la práctica de la prueba y antes de dictarse sentencia, el acusado solicitó de la corte que se

rebajara la calificación del delito a acometimiento y agresión, arguyendo la defensa que no se habían probado las agravantes alegadas, toda vez que de la propia prueba de cargo resultaba que el acusado sólo contaba diez y ocho años de edad y no había evidencia alguna tendiente a demostrar la intención premeditada de inferir grave daño corporal. La corte denegó la moción por el fundamento de que si bien el acusado no era un varón adulto, de la prueba aparecía que "el acusado agredió a la perjudicada infiriéndole grave daño corporal." Tomó excepción la defensa, apareciendo esto como uno de los señalamientos de error.

La prueba fué contradictoria. La de cargo tiende a demostrar que en la noche del día de autos, como a las doce, la perjudicada, que es madre del acusado, se dedicaba a subir agua de la cocina de su casa a la sala, para usos domésticos al día siguiente, y que el acusado, molesto por el ruido que hacía la perjudicada a aquella hora, ruido que le interrumpía el sueño, le quitó el cubo y le pegó con él en la cabeza, produciéndole una herida de la que brotaba bastante sangre, requiriendo el carácter de dicha herida que la perjudicada tuviese que ir por varios días al hospital a ser curada.

La de descargo tiende a demostrar que la perjudicada era adicta al uso de licores embriagantes; que esa noche llegó de la ciudad de Aguadilla en estado de embriaguez y que al tratar de coger agua en la cocina para llevarla a la sala de su casa, como el piso estaba mojado, resbaló, cayéndose y produciéndose la herida, sin que pueda determinarse si la recibió al caer sobre el cubo o sobre la arista de un cuartón de la cocina. De la declaración de la perjudicada, la única que declaró sobre ese extremo, resultó que el acusado sólo contaba diez y ocho años de edad en la fecha en que se cometió el delito.

No se probó de manera expresa la intención premeditada de inferir grave daño corporal; pero como la ley presume

que una persona intenta las consecuencias naturales de sus actos, si se tiene en cuenta que el objeto utilizado por el acusado para realizar la agresión es capaz de causar grave daño corporal, especialmente · cuando la herida se infiere en la cabeza, fácil es concluir que por los actos realizados quedó probada tácita o implícitamente la intención premeditada de causar grave daño corporal.

 Si bien la corte al declarar sin lugar la moción de la defensa fundó su resolución en una agravante .que no había sido alegada y por consiguiente erró en ese respecto, el error no causa la revocación de la sentencia ni la afecta, toda vez que puede sostenerse por la agravante ·a que hemos hecho referencia, es decir, por haberse realizado la agresión con la intención premeditada de causar grave daño corporal.

*Por lo expuesto, procede la desestimación del recurso y la confirmación de la sentencia apelada.*